[No. 16429.    Department Two.    August 9, 1921.]

THE STATE OF WASHINGTON, *Respondent,* v. G. L. GLEASON *(informed against as Gertie Gleason), Appellant.*[1]

INTOXICATING LIQUORS (30, 33)—STATUTES (47)—UNLAWFUL POSSESSION—IMPLIED REPEAL—AMENDATORY ACT. Laws 1917, ch. 19, making possession of intoxicating liquor unlawful is not in conflict with Rem. Code, § 6262-4, which forbids the manufacture, sale, barter, exchange or giving away of intoxicating liquor, except insofar as the proviso to such section allows one in lawful possession of intoxicating liquor to give it to a guest in his dwelling, to be drunk on the premises; hence the later law impliedly repeals only the proviso, without working a repeal of the body of the section to which the proviso is attached.

WITNESSES (120, 124) — IMPEACHMENT — INCONSISTENT STATEMENTS—REBUTTAL. Where a witness on cross-examination denied making certain prior statements inconsistent with his testimony, after the time, place and circumstances were called to his attention, the testimony of other witnesses as to his having made such statements was properly admissible to impeach him.

Appeal from a judgment of the superior court for Whitman county, McCroskey, J., entered January 15, 1921, upon a trial and conviction of giving away intoxicating liquor. Affirmed.

*Hanna, Miller & Hanna,* for appellant.

*G. A. Weldon* and *W. L. Lafollette,* for respondent.

TOLMAN, J.—Appellant was tried and convicted under Laws of 1915, p. 3, § 4 (Rem. Code, § 6262-4), of the offense of giving away intoxicating liquor to one not a guest in his private dwelling or apartment. He here seeks reversal upon the theory that the section of the 1915 law referred to was repealed by ch. 19, p. 46, Laws of 1917.

[1]Reported in 199 Pac. 739.

It is manifest that the original act recognizes that one may be in lawful possession of intoxicating liquor, and that being so in possession, he may give it to a guest in his private dwelling, to be drunk on the premises; but the later act of 1917 abolishes the permit system which was authorized by the prior act, and therefore § 17h, p. 60, Laws of 1917, is inconsistent with the proviso contained in § 4 of the prior act. In *State v. Giaudrone*, 109 Wash. 397, 186 Pac. 870, Mr. Justice Fullerton, speaking for this court upon this identical question, said:

"But as to the first of these sections, it will be noticed that it is a part of the original initiative measure, and that the section cited as containing the prohibition is amendatory of the original measure and a later expression of the legislative will. In so far as there is a conflict between them, the. earlier provision is superseded by the later, and in so far as the language of the later section is direct and mandatory and free from ambiguity, it is to be construed without reference to the language of the earlier provisions. That there is a conflict must be conceded. A man cannot lawfully give his neighbor drink of that which he may not himself lawfully possess. But it is also true that the later act is in its language direct and mandatory and without ambiguity. We cannot, therefore, but conclude that the earlier provision was superseded by the later one."

The only question left to be determined then, is, How far and to what extent do the two provisions conflict? It is beyond question that the 1917 act makes possession of intoxicating liquor unlawful, with the exceptions which are therein clearly stated, and since possession is unlawful, the proviso in § 4 of the earlier act, being in conflict, is directly affected thereby, and is the earlier provision referred to by Judge Fullerton as superseded by the later one. There is nothing in

the later act which is in any wise in conflict with the body of §4 of the earlier act, which, in set terms, forbids the manufacture, sale, barter, exchange or giving away of intoxicating liquor; and as the legislature, by this later act, did not in terms amend or repeal this section, and did not undertake to again legislate upon the subject covered by the body of the section, we can only conclude that it was the legislative intent that the section should stand as originally written, except only the proviso, which, being in direct conflict with the later legislation, must yield thereto. And since the body of the section in no wise conflicts with the later legislation, there is no room for holding that the whole section falls.

Error is also assigned upon the ruling of the trial court in permitting certain impeaching questions to be put to the witness Ganley, and after he had denied making the statements attributed to him, in permitting the state on rebuttal to introduce the evidence of two witnesses to the effect that Ganley had made the statements to them or in their presence. The matters inquired about were material, and since the attention of the witness was directed to these statements and the time, place and circumstances called to his attention, while he was on the stand, and he denied having made such statements, which were in conflict with his testimony given on the stand, it was proper to offer proof by other witnesses to the effect that such conflicting statements had been made by the witness at the time, place and under the circumstances indicated in the questions propounded to him.

The judgment is affirmed.

PARKER, C. J., MAIN, MITCHELL, and BRIDGES, JJ., concur.